Good morning and may it please the court, Emily Grondyke from the Office of the Federal Public Defender on behalf of Enrique Diaz. Enrique Diaz was convicted of first-degree murder and the main evidence against him was the out-of-court identification of one eyewitness, a cross-racial identification. That eyewitness did not actually see the shooting occur and could not identify Mr. Diaz at trial. The jury struggled with this case and in fact deliberated for two and a half days as long as the trial itself. In support of his claim of ineffective assistance of counsel, Mr. Diaz alleged to the state court that three available alibi witnesses could have attested that they were with Mr. Diaz at the time of the suspect, that he was driving a car that did not match the description of the suspect vehicle. So counsel, procedurally at what point was this information provided to the state court? Those were allegations that were made to the state court throughout in Mr. Diaz's petitions. In his petition, post-conviction petitions? Yes, Your Honor. So and those allegations were part of the state court record that ultimately denied his claim of ineffective assistance of counsel. The state court concluded that Mr. Diaz failed even to allege a prima facie case of prejudice. And it's that state court decision that's an unreasonable application of the clearly established federal law of Strickland. The Supreme Court instructed in Strickland that in evaluating prejudice, courts must assess the petitioner's post-conviction evidence against the strength of the government's case at trial. And that a weak government case is more susceptible to a finding of prejudice from counsel's deficiency. In this case, the evidence against Mr. Diaz was particularly weak. There was no physical evidence of any kind that tied him to the case. And as I mentioned before, the jury did struggle. Now applying that rule of Strickland, Mr. Diaz's allegations that three available alibi witnesses could have attested to his innocence, could have attested that he was not in the suspect's vehicle, was not wearing clothing that the suspect was wearing, those allegations were sufficient to state a claim of prejudice. So the state court's decision was an unreasonable application of Strickland. The problem I have with your argument is the double deference that we have to give when we're evaluating a Strickland case in a habeas context. So do you think that the evidence was strong enough to overcome that double deference that we have to apply? Well, 2254-D does set forth a deferential standard. But in general, the deference applied to Strickland cases is in regard to trial counsel's strategic decisions. No, it's in regard to the finding of whether or not there was a Strickland error, which includes the prejudice component. So we have to look at that with a deferential eye, and then put the habeas deference on top of that. Well, what Strickland instructed is that we weigh the strength of the government's case against what the petitioner offers. We don't do that. We don't do that. The state court does that, and then we look at the state court's determination to see whether or not it was unreasonable under AEDPA. Yes, Your Honor. And what Mr. D has alleged is that there were three witnesses. Now, when weighing that itself against what was already a very weak government case, we see that the jury already struggled without these witnesses. They deliberated for two and a half days, as long as the evidence in the case. They asked for multiple readbacks. They asked a question of the court. And so all of those things suggest that even given what did happen at trial, the jury was having a great deal of difficulty coming to a conclusion of guilt. But case precedent from this circuit and other circuits seem to indicate that if counsel's choice of not using these alibi witnesses at the trial court was a strategic decision based perhaps, as maybe the record shows, that their testimony might have been more of a valid decision by counsel then? In general, we do defer to counsel's decisions, but we only defer to counsel's decisions when they are adequately informed. And that's, you know, that's the rule of Strickland, and this Court has repeatedly followed that rule. And in this case, first, Your Honor, there's only any information about counsel's strategy that came out during the Federal post-conviction hearing. The state court denied this claim based solely on the prejudice prong. So that was not a basis of the state court decision. There would not have been likely to have changed the outcome, correct? Well, the state court decided solely on prejudice. So the question then is would it have been likely to change the outcome? And given the difficulty that the jury had with the case as is, three witnesses testifying that Mr. Diaz was not the shooter, that he was with them at the time of the homicide. But I'm not certain he... But counsel, counsel. Judge Hill? Judge Lamont, I'll interject afterwards. No, no, go ahead. Well, my question was this. You're arguing that these witnesses would have established that he was not the shooter. But I thought that there was an indication in his own interview with the police that he had left the party at a time that would have let him go to the scene of the shooting. And also that the saying he was at that party would have put him in the neighborhood of the shooting. So, and also I thought that there was, the lawyer had an investigator who may have talked to those witnesses. How do we know those witnesses didn't tell the investigator, yeah, he left the party at 8.30, so he could have been in the car? Well, Your Honor... In other words, what supports your statement that those three witnesses would have testified that he couldn't have been the shooter? Well, those were Mr. Diaz's sworn allegations to the state court. And the state court claims that it assumes the truth of those allegations and evaluates whether the petition states a prima facie claim. In regards to Mr. Diaz's statement, what he did tell police, he acknowledged that he was in the area, which is also information that did come out at trial. However, he said that he left the party at like 8.30 is what he said. So he was definitely approximating. Throughout his statement, he also said, he explained that he was, he had gone to a funeral, he had gone to a party after that, that he left the party, and he did approximate his time as about 8.30, but that he left alone in his own vehicle, not the passenger of the suspect car. So there is a difficulty with the time that he was approximating, as I think is reasonable for someone to do when they're at a party. In regards to your third question about whether counsel did have an investigator at all, the evidence developed in the federal hearing was that, yes, counsel did have an investigator, but she testified very explicitly that she had decided against an alibi defense before she conducted any investigation into those witnesses. There are, there is some evidence that when the investigator spoke with those witnesses, they actually stated that Mr. Diaz left the party by approximately 7.45. But there's also evidence in those notes suggesting that one of the witnesses who said that believed that she had seen the decedent himself dead before 8 p.m. So it's clear that they were misstating the time by at least an hour, because it's known that the homicide occurred at approximately 8.45 p.m. So those witnesses who were estimating that Mr. Diaz left quite early were obviously out of whack by at least an hour in regards to the time. Would that raise a question then of their credibility and then a strategic decision saying that, well, look, this conflict here is not going to help my client? Counsel explicitly stated that none of that information was the basis of her decision not to present an alibi. She stated that she decided against presenting an alibi defense before she had any information about what those witnesses would have said. The Strickland expert who testified during the Federal hearing opined that the prevailing standard of care in L.A. at the time would suggest that if alibi witnesses seemed to be confused about the time, a reasonable response would be to drill down the time frame a bit to ascertain whether their statements could actually be helpful at trial. In this case, trial counsel did not conduct any further investigation, and in fact, she had decided against the defense before she even became aware of that investigation. But even your client has some information here that seems to be inconsistent about the availability of these witnesses. At one point, I believe in your brief, he says that, well, we couldn't contact them. But isn't there evidence in the record that at least one of them, he was in contact with them indirectly through some relative that was dating or dating the brother of that witness? Yes, Your Honor. There's no dispute that these witnesses were available at the time of trial. The question develops in regards to the period of time when my client was doing his state post-conviction litigation, and that was when he was incarcerated. So he testified that he had some difficulty reaching out to these people from the confines of prison and that his inability to have an outside investigator had hindered his ability to develop the factual record. Or should we interpret that to mean perhaps that these witnesses were not that forthcoming? The record is silent about that. What we do know is that when he was able to reach out to them, he did ultimately get declarations from them, and they did ultimately willingly testify at a federal evidentiary hearing. And at that federal hearing under oath, they said they would have been willing to testify at trial. All right. Counsel, you've exceeded your time. We will give you one minute for a bottle. Thank you. We'll hear from the State. May it please the Court, Deputy Attorney General Allison Chung for Respondent. There are many ways to resolve the ineffective assistance of counsel claim in this case, but from any standpoint, Petitioner has failed to establish that he is entitled to federal habeas review, I mean, habeas relief. Excuse me. And the result is the same regardless whether deference is applied to the State Court's decision denying the claim or whether a de novo standard of review is applied. First, the California Supreme Court summary denial of Petitioner's final State habeas petition presenting the ineffective assistance of counsel claim constitutes a decision on the merits and is the operative State court decision for purposes of the ADPA. Summary denials of original petitions for habeas corpus filed in the California Supreme Court are presumed to be adjudicated on the merits. And therefore, the district court erred in implying the look-through doctrine in this case where the California Supreme Court had summarily denied a habeas petition and where a lower court decided the merits of the same claim. In the alternative, the California Court of Appeals order denying the claim constitutes a summary adjudication as to both the performance and prejudice prongs under Strickland because under the Supreme Court decision in Richter, a federal court assesses the entire ineffective assistance of counsel claim under ADPA, whether or not the State reveals which of the elements in a multi-part claim it found insufficient. And so since this case involves a summary denial unaccompanied by any reasoned explanation or extended discussion, this Court should focus on the result reached by the State court and not on any purported component of its particular reasoning. So counsel, do you agree that in performing that analysis, we look solely to the evidence that was presented to the State courts? The allegations and the record before the State court, Your Honor, which includes Including the Court of Appeals, right? Court of Appeal. Yes, Your Honor. Therefore, the District Court incorrectly concluded that only the State court determination with respect to the IAC claim that is subject to deferential review under the ADPA is the California Court of Appeals determination that petitioner failed to satisfy the prejudice prong. And even assuming the California Court of Appeals decision is construed as the operative State court decision under ADEPA, petitioner still fails to establish he is entitled to federal habeas relief. Because his version of his whereabouts at the time of the murder given to detectives before trial, which counsel knew would be presented at trial, was completely at odds with the alibi defense and completely different from the version of events alleged in a State habeas petition. So, counsel, are you saying that our cases that say we look to the last reasoned decision of the State court has been overruled? Well, no, Your Honor, because the last State respondent's decision is the last State court decision. In this particular case is the California Supreme Court's decision. But it's not a reasoned decision. So are you saying that those cases no longer have import? Well, I believe that the decision in, I believe it was Richter that said that the ADEPA only requires a merits decision, not a reasoned decision from the State court. So in that respect, the last State court decision, regardless of whether it was reasoned decision or not. But that's a different point. The point is whether or not the case has been decided on the merits as opposed to on a procedural issue. That's what that case addresses. It does not address the point of what decision we look to to ascertain the reasoning of the State court. Well, in this case, there was no reasoned decision by any State court, Your Honor, because both the California Supreme Court and the California Court of Appeal denied the petition summarily or without extended discussion. So in this case, there is no reasoned or there were no State court findings denying the habeas petition. So you're saying the California Court of Appeal did not give any reasoning at all? Well, it did give a reasoned and reasoned citing three cases discussing the prejudice prong of Strickland. However, based on... So would you consider that a summary denial? Yes, Your Honor, because it was completely without extended discussion or any reasoning whatsoever other than to say that it failed to state, it failed to show an existence of an issue with a reasonable potential for success. And... Well, it's giving reasons. They may not be great reasons. They may not be elaborate. But it seems like in common language, it would be viewed as a reasoned decision. Well, Your Honor, it's really no different than the decision in Richter in which there was only a denial based on... I tend to agree with what Judge Rawlinson said. I thought Richter meant that we view a denial like that as a merits decision so that the deference under AETPA applies. But I don't see how we can look at a one-line denial and review that as opposed to the Court of Appeals decision. How do we... I'm sorry. How do we apply any precedent to like a one-word denial? Well, the California Court of Appeals decision is a one-line denial, Your Honor, just like the decision in Richter and similar to the California Supreme Court's one-line denial denying habeas relief in this case as well. There is no findings of fact or reasons given other than a mere summary denial. Well, actually, the California Court of Appeals decision is four paragraphs with the last line being one line. But before that, there are three paragraphs that discuss the case. Correct. But they are unrelated to the ineffective assistance of counsel claim that was presented, Your Honor? No, that's not true. The first paragraph says, Petitioner fails to show the existence of an issue with a reasonable potential for success in support of his claim of ineffective assistance of trial counsel and cites three California cases for that proposition. Yes, Your Honor, but I'm sorry. I thought you meant the other paragraphs within the same denial order. But in that paragraph that you just cited, correct, it's Respondent's position that that is a summary denial, and there has been no dispute during the course of the Federal habeas corpus proceedings in this case that that constitutes a summary denial. Okay. So assuming we disagree with you on that point and say that we would look through the true summary denial from the Supreme Court and consider the, what we would, what I would term the reasoned decision from the California Court of Appeals, how do you address the Petitioner's argument? Well, Petitioner still fails to establish he's entitled to Federal habeas relief, because as I, as the Court mentioned before, his version, Petitioner's version of his whereabouts at the time of the murder given to detectives was completely at odds with the alibi defense and completely different from the version of events that he alleged in the State habeas petition. And so trial counsel was not prejudicially ineffective for failing to present an alibi defense that was completely inconsistent with Petitioner's statements to police that firmly established his opportunity to commit the murder. And regarding Petitioner's claim that trial counsel made the decision to forego an alibi defense before any investigation was conducted, the evidence adduced at the Federal habeas proceedings in this case showed that the timing of counsel's decision is completely irrelevant, because the results of the investigation were known before trial, and they merely confirmed trial counsel's decision not to present alibi witnesses. And in fact, the results of the investigation could have been presented at trial had counsel chosen to do so. So therefore, the timing of, the alleged timing of trial counsel's decision to forego an alibi defense has no impact on the district court's, should have no impact on the finding that Petitioner is not entitled to habeas relief in this case. And even reviewing the claim de novo, Petitioner is not entitled to habeas relief because the evidence, as the district court found, produced in Federal court undermined his claim. And it showed that trial counsel did in fact look into and considered alibi defense before he presented an alibi witness. I thought the Supreme Court told us not to look at evidence that we took in the Federal court. That's correct, Your Honor, but if the court finds that the state court unreasonably applied Supreme Court precedent or unreasonably applied the facts to that law, then assuming those two things, assuming that this claim is reviewed de novo, the evidence adduced during the pendency of the Federal habeas petition established that Petitioner's counsel did in fact investigate the alibi defense. And the district court found that the two alibi witnesses were not credible for reasons supported by the record. And the district court also found that the Petitioner's own evidentiary hearing testimony was not credible as well. Counsel, may I ask you, would you agree that the citations included in the court of appeal decision stand for the proposition that if no prejudice is shown, no ineffective assistance of counsel claim can be sustained? Yes, Your Honor. And so if we accept that proposition that that was the basis for the state court decision, what is your response to opposing counsel's argument that the fact that the jury deliberated for such a long period of time shows that there is a reasonable likelihood that the outcome would have changed? Well, there's no evidence whatsoever that the jury struggled with this case. And readback, request for readback is not evidence that the case was close or weak. And if anything, it shows the diligence on the juror's behalf in weighing the evidence and carefully considering the evidence of this case. Speculation that the case was weak merely on the amount of time that the jurors deliberated is not evidence that the case was close or weak. All right. Thank you, counsel. Thank you, Your Honor. We'll have one minute for rebuttal. Just to briefly address your last point, Judge Rawlinson, this court has repeatedly noted that a jury's extended deliberations is evidence that the jury struggled and enforces a finding of a reasonable likelihood that the case was close or weak. Going to the warden's point regarding the assessment that Mr. Diaz's statement was completely at odds with his post-conviction allegations, again, he did maintain his innocence throughout his statement, stated that he was at a funeral, then proceeded to someone named Mr. Diaz, and then to the police he was estimating. I think the entirety of this sentence should be viewed as largely consistent with his allegations. Finally, regarding the timing of trial counsel's investigation, you know, this court has repeatedly held that an uninformed decision is not a strategic decision. Counsel in this case did not conduct the follow-up that a reasonable attorney would have done had she not already ruled out an alibi defense. So it did, in fact, affect trial counsel's performance at trial. Regarding the credibility finding, the district court in this case found that he did not assess the witnesses as particularly credible, but he never did what Strickland instructs is the necessary inquiry, which is weighing those alibi witnesses against the very weak case against the defendant. How do you know that wasn't done? Because it seems as if you're almost saying that the failure to call those alibi witnesses would have led to some substantial likelihood of a different outcome. That's the impression I'm getting from you right now. Why am I wrong with that? I'm sorry. I'm not sure I understand the question. You seem to indicate that counsel's decision not to call those alibi witnesses is almost per se not only deficient but also prejudicial, that it would have substantially led to a likelihood of leading to a different outcome had their decision, counsel's decision been otherwise, to call them. That's almost sound like an absolute rule or conclusion there. I'm sorry, Your Honor. I didn't mean to suggest that that would always be deficient or always be prejudicial. What I mean is that in this case, if a judge envisions a trial in which three different alibi witnesses testified, no, I was with him, I saw him, we watched the Lakers game, we were together until after 845, if a jury had been presented with that evidence, what we already know about the trial, which is that the government's case would create a reasonable likelihood of a different outcome. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Lemelle, Gould, Rawlinson